UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR VENT, INC. and GIBRALTAR INDUSTRIES, INC., § § § Plaintiffs, § § v. § POWERMAX ELECTRIC CO., LTD., § § Defendant. § | § § § § § § § § § § § | CIVIL ACTION NO. 3:22-CV-0516-B |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Powermax Electric Co., LTD. ("Powermax")'s Motion to Certify Order for Interlocutory Appeal (Doc. 22). For the reasons set forth below, the Motion is **DENIED**.

I.

BACKGROUND

The factual background of this case is presented in detail in the Court's Order dismissing Plaintiffs Airvent Inc. and Gibraltar Industries, Inc.'s Complaint for lack of personal jurisdiction. *See* Doc. 14, Mem. Op. & Order, 1–2. In sum, Plaintiffs seek indemnification from Powermax regarding an insurance suit (the "Chaja Lawsuit"). *Id.* at 2. The Chaja Lawsuit involved a residential fire in California caused by a fan manufactured and sold by Plaintiffs. *Id.* However, Plaintiffs allege that the fan malfunctioned because of a faulty motor, which Powermax manufactured and sold to Plaintiffs. *Id.*

The Court originally granted Powermax's Motion to Dismiss, concluding this Court could not assert specific personal jurisdiction over Powermax. *See id.* at 9–11. However, Plaintiffs

subsequently filed a Motion for Reconsideration (Doc. 15). The Court ultimately granted the Motion, stating "while the facts underlying Plaintiffs' injury occurred in California, the Court concludes Powermax had fair warning of a suit in Texas after establishing a long-term association with a Texas resident and causing economic activity within the forum state." Doc. 21, Mem. Op. & Order, 9 (internal quotation and alterations omitted). Powermax then filed this Motion to Certify Order for Interlocutory Appeal (Doc. 22). The Court considers it below.

## II.

## LEGAL STANDARD

A district court may certify an interlocutory order for appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to certify an interlocutory order is within the district court's discretion. *See U.S. v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011). If the district court certifies an appeal, the Court of Appeals "may . . . in its discretion, permit an appeal to be taken . . . if application is made to it within ten days after the entry of the order." 28 U.S.C. § 1292(b).

## III.

## ANALYSIS

Powermax argues that the Court's conclusion that it possessed specific jurisdiction is a proper issue to certify for interlocutory review. Doc. 22, Mot. The Court disagrees because Powermax has failed to demonstrate the Order contains a ruling on a controlling question of law.

Because § 1292(b) by its terms requires "a controlling question of *law*," 28 U.S.C. § 1292(b) (emphasis added), a party must first identify such a question to be entitled to

interlocutory review. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722–23 (N.D. Tex. 2006) (Boyle, J.). A corollary of this requirement is that a court will not certify an interlocutory order for appeal when the issue pertains to a question of fact or "the application of settled law to disputed facts." *Id.* at 722. As a general rule, therefore, only pure questions of law, which are controlling in the litigation, are appropriate for interlocutory review under § 1292(b). *See Adhikari v. Daoud & Partners*, No. 09-CV-1237, 2012 WL 718933, at *3 (S.D. Tex. Mar. 5, 2012); *but see La. State Conf. of Nat'l Ass'n for the Advancement of Colored People v. Louisiana*, 495 F. Supp. 3d 400, 414 (M.D. La. 2020). This ensures that certification of an interlocutory order for appeal is not used to "question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan*, 444 F. Supp. 2d at 722.

Importantly, courts have consistently held that a court's application of facts to the well settled law of personal jurisdiction generally does not constitute a pure question of law for purposes of § 1292(b). *See Adhikari*, 2012 WL 718933, at *3; *Lake Charles Harbor & Terminal Dist. v. Reynolds Metal Co.*, No. 2:17-CV-01114, 2021 WL 5828720, at *2 (W.D. La. July 21, 2021); *see also In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, MDL No. 2047, 2011 WL 2443693, at *4 (E.D. La. June 14, 2011); *Fed. Trade Comm'n ex rel. Yost v. Educare Ctr. Servs., Inc.*, No. EP-19-CV-196-KC, 2020 WL 4334955, at *2 (W.D. Tex. Jan. 21, 2020).

Here, Powermax contends that "[t]he Court's ruling . . . that Plaintiffs have established a *prima facie* case of [personal] jurisdiction is a ruling on a controlling question of law." Doc. 22, Mot., 4. The Court is not convinced.

In its prior Order, the Court concluded that it possessed specific jurisdiction over Powermax in part because "Powermax's sale and shipment of . . . allegedly defective [fan] motors to Plaintiffs in Texas is sufficient to establish a *prima facie* showing of relatedness." Doc. 21, Mem.

Op. & Order, 8. Powermax now argues that "[t]he allegation that Powermax shipped its electric motor component to Texas, which is highly contested, is not [a] sufficient connection to the facts that give rise to [the] incident which serves as a basis for the lawsuit." Doc. 27, Reply, 3. Nowhere in its briefing does Powermax dispute the legal standards employed by the Court in concluding that it possesses personal jurisdiction; instead, Powermax disagrees with the Court's conclusion that the facts of this case—i.e., the shipment of fan motors—are sufficient to support the exercise of personal jurisdiction. In this regard, Powermax "contends only that the Court improperly applied the facts of this case to the established law of [specific] jurisdiction." *Adhikari*, 2012 WL 718933, at *3. Although Powermax asserts that "[t]he Fifth Circuit would have ample grounds to reverse" this ruling, Doc. 22, Mot., 4, Powermax has not demonstrated that any such reversal would stem from the legal standard employed by this Court.[1] *Cf. Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Powermax, therefore, has failed to establish the existence of a controlling issue of law.

Nevertheless, Powermax cites *Louisiana State Conference of NAACP v. Louisiana* for the proposition that an order constitutes a ruling on a controlling question of law if it "has [the] 'potential to have some impact on the course of the litigation.'" Doc. 22, Mot., 3. (quoting *La. State Conf.*, 495 F. Supp. 3d at 413). Therefore, the argument goes, because the personal jurisdiction issue has the potential to impact the course of the litigation, the Court's prior Order

---

[1] While Powermax appears to argue that the Court applied the incorrect legal standard in evaluating Plaintiffs' Rule 59(e) Motion for Reconsideration, this argument is without merit. *See* Doc. 22, Mot., 4. Powermax asserts that the Plaintiffs' Motion for Reconsideration "did not present any 'newly discovered' information to be considered under the Rule 59(e) standard that created a *prima facie* case of personal jurisdiction over Powermax." *Id.* But this simply misstates the Rule 59(e) standard. A party need not present newly discovered information to prevail on a Rule 59(e) Motion. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact *or* to present newly discovered evidence." *Id.* (emphasis added) (quotations and alteration omitted).

is a ruling on a controlling question of law. *See id.* at 4. But Powermax reads *Louisiana State Conference* too broadly. The first prong under § 1292(b) requires a party to identify (1) a question of law (2) that is controlling. The standard articulated by the court in *Louisiana State Conference*—whether a question has the potential to impact the course of litigation—speaks only to only to whether a question is controlling, and it is relevant only insofar as the ruling also pertains to a *question of law*. *See Ryan*, 444 F. Supp. 2d at 722–23. And, as the court in *Louisiana State Conference* itself acknowledged, there is a difference between questions of law and questions "that require[] the court to apply the law to the unique facts of the case." 495 F. Supp. 3d at 413–14. Thus, *Louisiana State Conference* does not dictate a different result in this case.

Powermax also argues that the Eastern District of Louisiana's decision in *In re Chinese Manufactured Drywall Products Liability Litigation* supports certification of an interlocutory appeal in this case. Doc. 27, Reply, 2–3 (citing *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, MDL No. 2047, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012)). According to Powermax, the district court there "found that its Order regarding a finding of specific jurisdiction over . . . Chinese entities contesting personal jurisdiction involved a controlling question of law." *Id.* However, Powermax again misreads precedent. *In re Chinese Manufactured Drywall* is distinguishable because that case involved a question regarding "the potential applicability of the law of the transferor Circuit, namely the United States Court of Appeals for the Eleventh Circuit, to this Court's Due Process analysis." 2012 WL 4928869, at *6. Such a question is not present here. In addition, the parties in that case did not challenge that the issue there was a question of law that was controlling. *See id.* Moreover, the Eastern District of Louisiana issued an earlier order in the same multidistrict litigation that is consistent with this Court's analysis here. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2011 WL 2443693, at *4. In the earlier order,

the district court denied certification under §1292(b), reasoning that "[t]he analysis and outcome of the general personal jurisdiction inquiry often varies for each case due to the fact-sensitive nature of the applicable law, but such variations do not render personal jurisdiction challenges certifiable for interlocutory appeal." *Id.*

In sum, Powermax has failed to demonstrate that the Court's prior ruling was on a controlling question of law. Given this failure, it is unnecessary to determine whether there is a substantial ground for difference of opinion or whether an immediate appeal would materially advance the termination of litigation.

## IV.

## CONCLUSION

Powermax has failed to make the requisite showing under § 1292(b) to obtain interlocutory review. Accordingly, the Court **DENIES** Powermax's Motion to Certify Order for Interlocutory Appeal (Doc. 22).

**SO ORDERED.**

**SIGNED: November 28, 2023.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE